## ASINOF v. LASKER.

(Supreme Court, Appellate Term. February 24, 1910.)

1. MASTER AND SERVANT (§ 30*)—DISCHARGE OF SERVANT—GROUND OF DIS-
CHARGE—DISOBEYING INSTRUCTIONS.

Plaintiff, by agreeing to work for defendant as a traveling salesman, was bound to obey all reasonable instructions as to the place he should work, not inconsistent with their contract, but was not bound to obey an unreasonable instruction directing him to work at a certain place, without making proper provision for his expenses; and his refusal to do so was not a voluntary quitting of his employment, or ground for his discharge.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 34; Dec. Dig. § 30.*]

2. APPEAL AND ERROR (§ 1047*)—HARMLESS ERROR—RULINGS ON EVIDENCE.

Where, in an employé's action for damages for breach of a contract of employment by unreasonable discharge, the conceded facts showed plaintiff's discharge without cause, and that he was entitled to damages for breach of the contract, any error in rulings on evidence could not have materially affected the result.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4146; Dec. Dig. § 1047.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Maurice Asinof against Morton Lasker. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

William F. Unger, for appellant.
Robert L. Turk, for respondent.

GUY, J. This is an appeal by defendant from a judgment rendered upon a verdict of a jury in favor of the plaintiff for $183 and costs, and from an order denying defendant's motion for a new trial. The action was brought to recover $200 damages for breach of a written contract of employment, the plaintiff alleging wrongful discharge. Defendant's answer admits the employment, but alleges that plaintiff voluntarily quit defendant's employ; also that the defendant had justifiable cause for discharging plaintiff.

The contract of employment was dated July 17, 1908. By the terms of said contract plaintiff was to receive a weekly salary of $25 and a commission of 1 per cent. on goods sold. Plaintiff testified that he at first sold goods under the contract in New York City, and about four months from the making of the contract was sent by defendant on several trips to Albany and vicinity; and in April, 1909, defendant opened an office in Albany and sent plaintiff there to take charge of same, agreeing that plaintiff should receive $25 or $30 a week for expenses, in addition to his salary. Plaintiff concedes, however, that this did not in any way relate to the payment of his living expenses, but was to cover expenses incidental to his Albany business and local railroad fares. Though business at Albany was at first satisfactory, it ultimately became very poor, and defendant notified plaintiff that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

he would cut down his allowance for expenses to $3 per week. On June 22, 1909, defendant wrote plaintiff as follows:

"If you want to remain up there at your former salary of $25 a week and $3 for extra expenses, well and good; if not, you will have to return at once. Now I can do absolutely nothing for you here in the city."

On the following day defendant wrote plaintiff:

"If you do return on Saturday, I assure you it will be impossible for me to keep you busy in New York, as every one is closing up for the summer."

On June 24th plaintiff wrote defendant:

"I will expect to hear from you when you want me to come back to work in the New York office."

On June 25th defendant wrote plaintiff that he would send plaintiff a check for $25 each week for his salary as long as he continued in defendant's employ "in Albany," and—

"we consider 50 cents per day will be sufficient to cover your car fare expenses, with the exception of Poughkeepsie, which trip you will make twice in the next six weeks, we paying the car fare."

On June 26th plaintiff wrote defendant:

"It is impossible for me to remain here in Albany on my New York City salary of $25 per week, and you certainly know that I cannot pay my hotel, traveling expenses, and boy on $3 a week."

On the 28th plaintiff left Albany and came to New York, without notifying the defendant that he was coming, leaving the Albany office in charge of his wife. On June 29th plaintiff and defendant had an interview, in which defendant said:

"I do not understand why you came back to the city. I did not tell you to do so. * * * Now that you have come back, you must consider yourself out of my employ."

Plaintiff expressed his willingness to work for defendant in New York, and stated that $3 would not be sufficient to cover his expenses in Albany. Defendant refused to allow plaintiff to work in New York. Defendant and defendant's witnesses testified that defendant ordered plaintiff to return to Albany, and that he refused to do so.

There can be no question that the employment of plaintiff by defendant as a traveling salesman conferred upon defendant the right, not inconsistent with the original agreement, to determine the place of work, and imposed upon plaintiff the duty of obeying all reasonable instructions of defendant in that regard. The question arises, however, whether defendant's instructions to plaintiff to remain in a city other than the place of employment, with an allowance of $3 a week for expenses, was a reasonable instruction, consistent with the contract of employment, under which plaintiff was to receive a commission on sales in addition to his salary. The jury were fully justified in finding that such instructions were unreasonable, and that plaintiff was not bound to obey them. His refusal so to do did not, therefore, constitute a voluntary leaving of defendant's employ by the plaintiff; nor did it furnish ground for defendant's discharge of the plaintiff. While defendant had a right to order plaintiff to return to Albany, and re-

main there in charge of defendant's business, it was defendant's duty, in giving such instructions, to make reasonable and proper provision for necessary expenses of plaintiff incident to the carrying out of such instructions. This the jury have found the defendant failed to do.

Exceptions were taken to rulings of the court as to the admission and exclusion of certain evidence. In view of the conceded facts of the case, these rulings do not appear to have materially affected the result. On the conceded facts, it was established by a clear preponderance of evidence that defendant discharged plaintiff without sufficient cause, and that plaintiff was entitled to damages for breach of the contract of employment.

Judgment affirmed, with costs. All concur.